Jones, J.
It is settled, in this court, that a notice of motion cannot be withdrawn or countermanded without *607 payment of the costs of motion. I can see no reason for departing from this practice.
This case, however, does not fall within such principle. The motion as originally noticed was, 1st. For leave to add parties defendant; 2d. For an injunction and receiver. These two matters are distinct. The first part of. the original motion has been withdrawn, leaving the motion, as to the second part, still pending. This can be done without payment of costs of the motion.
It is undoubtedly true that new parties cannot be added to the action without amending the summons, and equally true that the summons cannot be amended, of course, under section 172, but leave of the court to amend it must be obtained under section 173.
The' defendant, in opposing this motion, calls to his aid the above principles, and insists that leave to amend the summons 9annot be given on this motion, because that relief is not specifically asked for by the notice. I think he is mistaken. The plaintiff can obtain leave to amend the summons under the general prayer “for such other order or relief as the court shall see fit to grant.” (Martin v. Kanouse, 2 Abb. 390. Hecker v. Mitchell, 5 id. 453.)
But, further, the plaintiffs’ order to show cause is “ why * * * should not be made parties to the action.” This is the principal relief asked for; the amendment of the summons and complaint is but the mere incident to the relief asked for. Such amendment is but the formal way of bringing in the new parties after leave to bring them in is granted. Where a party asks leave of the court to bring in new parties, he necessarily includes in that request a further request for leave to make such amendments and take such steps as shall be requisite to bring into court such new parties. It is urged that when new parties are added, the complaint, if its allegations do not already show a cause of action against them, must be amended so as to *608 show such cause of action, and. if amended thus, the amended complaint must be served on the parties already in, and such parties must have the usual time to answer. It is also urged that the new parties must be brought in either by service of the amended summons, or voluntary appearance; and that thereafter issue must be joined as to such new parties, or their default taken, before the same is in a position to be brought to trial as to the parties already in. All this is very true. Provision may be made, in the order allowing new parties to be brought in, to meet these various matters, or the order may simply allow them to be brought in, and the necessary amendments to be made to the summons and complaint, leaving the plaintiff to thereafter conduct his proceedings regularly at his own peril.
I am unable to perceive how, in any aspect of the case, the guardian of the infant is either a necessary or proper. party. I therefore cannot grant leave to add him as a party.
Motion granted so far as to give the plaintiff leave to add as parties defendant the executors of H. A. Schlueher, and'to make the necessary amendments to the summons and complaint for that purpose. Ho costs of motion. Order to be settled on- one day’s notice.